Paul Garry **GIBBAR**, Judith Ann Sexauer, James Michael Gibbar, Carol Jean Moore, Kenneth Lee Gibbar, David Lynn Gibbar, Richard Keith Gibbar, and Cindy Renee Gibbar, Plaintiffs-Appellants,

v.

Harold Pius **GIBBAR**, Thomas R. Gibbar, Defendants-Respondents.

No. 41950.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 24, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Application to Transfer Denied June 8, 1981.

---

1.  § 408.040 RSMo 1978.

Buerkle, Lowes & Beeson by Albert C. Lowes and Thomas A. Ludwig, Jackson, for plaintiffs-appellants.

James R. McHaney, Cape Girardeau, for defendants-respondents.

SATZ, Presiding Judge.

Plaintiffs are beneficiaries of a trust. In a two-count petition, plaintiffs sued two trustees, seeking damages from one trustee and removal of the other. In their damage count, plaintiffs alleged the defendant-trustee breached his fiduciary duty by placing money in a bank account at 5% interest instead of paying off trust indebtedness carrying 8% interest. In their other count, plaintiffs alleged the defendant-trustee breached his duty by self-dealing. The case was tried to the court without a jury and judgment was entered in favor of defendants. On appeal, plaintiffs assert the trial court erred in failing to find any breach of duty by either trustee. They also contend the trial court erred in permitting one of the defendant trustees to testify even though he had not appeared for his deposition.

1. Neither defendant filed a brief.

After a thorough review of plaintiffs' brief[1] and the transcript, we find the trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. The judgment contains no error of law. *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); Rule 73.01.

An extended opinion in this case would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

SMITH and SIMON, JJ., concur.